**John A. BRICKUS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 06–35617.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2008.*

Filed Aug. 15, 2008.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

David B. Lowry, Esq., Law Offices of David B. Lowry Columbia Business Center, Portland, OR, for Plaintiff–Appellant.

Neil J. Evans, Esq., Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, David J. Burdett, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: SCHROEDER and PREGERSON, Circuit Judges, and STROM **, District Judge.

** The Honorable Lyle E. Strom, Senior District Judge for the District of Nebraska, sitting by designation.

## MEMORANDUM ***

John Brickus appeals the district court's judgment affirming the Commissioner of Social Security's denial of his application for supplemental benefits. The ALJ held that Brickus could perform his past work as a home care provider and as a parking lot attendant.

Brickus testified that he had suffered from a head injury, vertigo, depression, hypertension and other symptoms triggered by stress. Brickus had been examined by a psychologist, Dr. Tongue, whose report supported to some extent Brickus' claim of disabling mental impairment.

The medical reports of other professionals, however, who either saw Brickus or examined his records found that he was not significantly limited by his physical and mental impairments. Brickus sought treatment at Clackamas County Mental Health because of fears of further stress-related episodes, and, as the ALJ noted, the therapist linked his three prior "stress breakdowns" to periods in which he had been drinking alcohol excessively.

■ The ALJ found the testimony of Brickus generally not credible, but also reviewed the medical reports of Dr. Tongue and others. The ALJ discredited Dr. Tongue's opinion, not only because of its reliance upon Brickus' own statements (that were deemed by the ALJ not to be credible), but also on the basis of other medical reports with which it conflicted. We have recently held that an examining physician's opinion should not be discredited solely on the basis of an ALJ's determination that the plaintiff's subjective complaints were not credible. *See Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1199–1200 (9th Cir.2008). In this case, however,

the examining doctor's opinion was in conflict with that of other medical experts. *See Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1995). The ALJ's rejection of Dr. Tongue's opinion is therefore supported by substantial evidence.

■ Brickus also argues that the ALJ's credibility finding was erroneous. The ALJ found that Brickus' allegations of the severity of his limitations were inconsistent with the medical records and his daily activities, and he cited the therapist's observation of possible malingering. The ALJ thus gave specific reasons that are supported by substantial evidence. *See id.* at 834.

■ Brickus also contends that the ALJ determined his residual functional capacity ("RFC") without taking into account all of Brickus' impairments. Brickus argues that the ALJ was too conclusory in this regard, but our review of the decision and the record shows that the ALJ took into account all of the material limitations on Brickus' ability to work that the ALJ found supported by the record.

■ Brickus similarly contends that the hypothetical that the ALJ posed to the vocational expert did not include all of the material mental limitations on Brickus' ability to work. *See Magallanes v. Bowen,* 881 F.2d 747, 756–57 (9th Cir.1989). The ALJ's hypothetical referred to the relevant mental limitations, which included decreased memory and concentration. The ALJ appropriately characterized the restrictions created as limiting the hypothetical individual to work that was "simple," and involving only one to three steps.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly upheld the administrative decision as supported by the substantial evidence.

**AFFIRMED.**